UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>    Plaintiff,<br><br>v.<br><br>VALLEY STATE PRISON,<br><br>    Defendant. | Case No.: 1:20-cv-00005-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Paul Nivard Beaton is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed January 24, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

1

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff's complaint is handwritten and a majority of the statement of his claims are illegible and incoherent. However, it appears the crux of Plaintiff's claim is that Defendant Sergeant D. Miller has retaliated against Plaintiff by approving a Rules Violation Report (RVR) because he filed or alleged to file an inmate grievance against prison staff.

As relief Plaintiff seeks "that the court tell Sgt. D. Miller prison official that because on 11/14/2019 'I've claim engaging in appeals civil litigations first amendment rights he cannot putt [sic]

me into felony prosecution likely; nor he has the right to putt [sic] me any violation because of my claims in engaging in appeals, his is an adverse action." (First Amd. Compl. at p. 5.)[1]

### III.

### DISCUSSION

**A.  Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff has the burden of demonstrating that his exercise of his First Amendment right was a substantial or motivating factor behind the defendant's conduct. Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff must plead facts which suggest an absence of legitimate correctional goals for the challenged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Mere allegations of retaliatory motive or conduct will not suffice. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562, n.1 (10th Cir. 1990).

Plaintiff fails to state a cognizable retaliation claim. Plaintiff merely states that Sergeant Miller approved an RVR because Plaintiff filed prior appeals. However, Plaintiff fails to demonstrate that

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

the RVR did not serve a legitimate penological interest or how he believes Miller's conduct was because he filed prior inmate appeals. Indeed, a review of the RVR attached to Plaintiff's original complaint reflects that Plaintiff was charged with a violation of California Code of Regulations, title 15, § 3013, which states "[i]nmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means."[2] The RVR specifically states the following:

> On Thursday, November 14, 2019, while performing my duties as the Licensed Vocational Nurse (LV), in the Outpatient Housing Unit (OHU), I was passing out the evening medication with Correctional Officer (CO) I. Moreno. I went to Room 19 that is housed solely by Inmate Beaton, AS1346, Inf-19-1L. Inmate Beaton said, "I submitted a CDCR 7362 Health Care Services Request Form, last Thursday for my Capsaicin cream and I have not received it." I checked the medication administration summary on Cerner. I told Inmate Beaton, "Per Cerner, it showed Registered Nurse (RN) R. Flores gave you the Capsaicin at 1223 hours on November 13, 2019." Inmate Beaton said, "I haven't received anything. I am going to file an appeal against you guys!" I notified RN R. Flores who verified he issued the Capsaicin to inmate Beaton. RN R. Flores and myself went to Inmate Beaton's room. RN R. Flores told Inmate Beaton that he had given him the Capsaicin the day before. CO I. Moreno did a random cell search and found hidden in the back of Inmate Beaton's locker 30 ML of unlabeled Capsaicin medication in a clear medication cup. CO I. Moreno issued Inmate Beaton a Confiscation Receipt. Inmate Beaton's behavior and demeanor toward staff was an attempt to manipulate both myself and coworker RN R. Flores by threatening to file an appeal against us. Inmate Beaton is aware that this type of behavior will not be tolerated by staff. Inmate Beaton is aware of this report.

(Compl. at p. 24.) Contrary to Plaintiff's contention, it is clear that he was issued a RVR for threatening to file an appeal in an attempt to falsely claim that he did not receive the Capsaicin medication. Accordingly, Plaintiff's factual allegations fail to give rise to a plausible claim for retaliation.

---

[2] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The Court may also take judicial notice of matter of public record, including records and reports of administrative agencies. United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quotations marks and citations omitted). The Court takes judicial notice of the fact that Plaintiff was issued an RVR for unlawful influence under California Code of Regulations, title 15 § 3013. See Daniels v. Valencia, No. 1:17-cv-0492-DAD-EPG (PC), 2018 WL 3640321, at *3 (E.D. Cal. July 30, 2018), report and recommend. adopted, 2018 WL 4636186 (E.D. Cal. Sept. 26, 2018).

### B. Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

## IV.
## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to a United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson

v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2020**

_____
UNITED STATES MAGISTRATE JUDGE