UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>  Plaintiff,<br><br>  v.<br><br>VALLEY STATE PRISON,<br><br>  Defendant. | Case No.: 1:20-cv-00005-NONE-SAB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS; AND<br><br>GRANTING PLAINTIFF LEAVE TO AMEND;<br><br>(Doc. No. 12)<br><br>**(THIRTY DAY DEADLINE)** |

Plaintiff Paul Nivard Beaton is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that the instant action be dismissed for failure to state a cognizable claim for relief. (Doc. No. 12.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within twenty-one (21) days. (*Id.*) Plaintiff filed objections on February 19, 2020. (Doc. No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court declines to adopt the finds the findings and recommendations and instead will grant plaintiff one

1

final opportunity to amend his complaint to attempt to cure the deficiencies in that pleading noted by the magistrate judge.

Plaintiff alleges that Defendant Sergeant D. Miller retaliated against plaintiff by approving a Rules Violation Report (RVR) based in part upon plaintiff's threat to file an inmate grievance against prison nursing staff. (Doc. No. 10.) The RVR in question, which was attached to plaintiff's original complaint and was authored by Miller, alleges that on November 14, 2019, plaintiff requested a refill of medication (Capsaicin cream) from the licensed vocational nurse on duty that day (J. Valenzuela-Quezada) and then threatened to file an inmate appeal when nurse Valenzuela-Quezada refused to issue the medication to him on the ground that plaintiff had already received the medication on a previous occasion. (Doc. No. 1 at 18.) The RVR in question reflects that plaintiff was charged with violation of "Rule Number [] 1303," which prohibits inmates from attempting to gain special consideration from employees by use of bribery, threat, or other unlawful means. (*Id*.); *see also* 15 Cal. Code Regs. § 3013.

The pending findings and recommendations correctly explain that to proceed on a retaliation claim, plaintiff must, among other things, plead facts which suggest an absence of legitimate correctional goals for the challenged conduct and facts that, if proven, would show that the defendant acted "because of" plaintiff's prior engagement in protected conduct. (*See* Doc. 12 at 3.)

Plaintiff's objections are difficult to decipher. Nonetheless, according to the court's interpretation of the assertions made therein, plaintiff now suggests for the first time in his objections that nurse Valenzuela-Quezada denied him his refill on November 14, 2019 based upon a misunderstanding of the amount of medication that had been provided to plaintiff prior to that date. (*See* Doc. No. 12.) Specifically, plaintiff asserts that he had not received a refill prior to November 14, but rather received only a temporary allocation of a small amount of the prescribed medication and was therefore due to receive a full refill. (*Id*. at 1-3.) Assuming these assertions to be true, such facts could arguably satisfy the requirement that plaintiff plead specific facts suggesting an absence of a legitimate correctional purpose for the issuance of the RVR. *See Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (disciplinary action premised on false allegations cannot serve a legitimate correctional goal).

2

As for the requirement that plaintiff plead facts that, if proven, would show that the defendant acted "because of" plaintiff's protected conduct, the RVR itself indicates that it was issued because plaintiff threatened to file an inmate grievance against nurse Valenzuela-Quezada. *See Torricellas v. Bedford*, No. EDCV 14-2489 AGA JW, 2016 WL 11518597, at *11 (C.D. Cal. July 27, 2016) ("filing and threatening to file an inmate appeal are protected activity").

Because the factual allegations contained in plaintiff's objections were not alleged in his operative complaint, he must amend his complaint to include those required factual allegations, as well as any other facts he can plead in good faith supporting his assertion that the issuance of the underlying RVR was premised on false or inaccurate information.

Accordingly, and in an abundance of caution in light of plaintiff's new allegations set forth for the first time in his objections to the pending findings and recommendations,

1. The court declines to adopt the February 5, 2020 findings and recommendations (Doc. No. 11);
2. The Clerk of Court shall send plaintiff a blank civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint addressing the issues outlined above;
4. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
5. If plaintiff fails to file an amended complaint in compliance with this order, he is forewarned that the court will dismiss this action for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 24, 2020**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE

3