UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT D. MILLER, et al.,<br><br>Defendants. | **CASE NO. 1:20-cv-0005 NONE JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Doc. 21.)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff moves for a temporary restraining order barring officials at Valley State Prison in Coachella, California from transferring him to another institution, which plaintiff contends is in retaliation for this pending civil rights action. (Doc. 21.)

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On–

Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Force Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).

The Court recently screening plaintiff's second amended complaint and found it to state a First Amendment retaliation claim against Registered Nurse J. Valenzuela-Quezada. The pendency of this action, however, does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it. Summers v. Earth Island Institute, 555 U.S. 488, 492–493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims on which this action is proceeding. Summers, 555 U.S. at 492–493; Mayfield, 599 F.3d at 969. Plaintiff's motion must therefore be denied for lack of jurisdiction over the prison officials with the authority to effectuate or prevent his transfer to another institution. Accordingly, the Court **RECOMMENDS** that plaintiff's motion for a temporary restraining order (Doc. 21) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 30, 2020**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE