UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>VALLEY STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | No. 1:20-cv-0005 NONE JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 21, 24) |

　　　　Plaintiff Paul Nivard Beaton, a state prisoner proceeding *pro se*, brought this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff claims that defendant Sergeant D. Miller, an official at Valley State Prison ("VSP"), retaliated against plaintiff for threatening to exercise his First Amendment right by filing an inmate grievance against Valenzuela-Quezada, a nurse at the California Department of Correction.  (Doc. No. 20 at 2–4.)  In April 2020, plaintiff filed a motion requesting that the court to restrain "them" from transferring him to another prison in retaliation of his exercising his First Amendment rights—though, it is unclear to the court who plaintiff is referring to in referencing "them."  (Doc. No. 21 at 1–3.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before the court proceed further, a pleading error in plaintiff's second amended complaint ("SAC") must be addressed.  In his first amended complaint ("FAC"), plaintiff asserted claims for violation of his right to free speech against a single defendant, Sergeant D. Miller, a prison

1

1 | official at VSP.  (Doc. No. 10 at 1–5.)  After reviewing the FAC and finding the allegations
2 | therein to be insufficiently pled, the court granted plaintiff's leave to amend his free speech
3 | claims against Sergeant Miller *only*.  (*See* Doc. No. 15.)  Nevertheless, in his recently filed SAC,
4 | plaintiff asserts his free speech claims against additional parties, nurse Valenzuela-Quezada and
5 | Dr. Shwe Tin-Aung.  (Doc. No. 20 ¶¶ III.B, D.)  This is improper.  "When the language of an
6 | order clearly states that a plaintiff may only amend to address certain deficiencies identified in the
7 | order, courts have held that a plaintiff is barred from adding new claims or parties." *Jameson*
8 | *Beach Prop. Owners Ass'n v. United States*, No. 2:13-CV-01025-MCE-AC, 2014 WL 4925253,
9 | at *4 (E.D. Cal. Sept. 29, 2014).  Because plaintiff has exceeded the scope of the leave to amend
10 | authorized in the court order allowing him to cure only the pleading deficiencies with respect to
11 | his claim against Sergeant Miller (*see* Doc. No. 15 at 1–3), allegations against the newly added
12 | defendants in the SAC will be stricken.  *See, e.g.*, *Benton v. Baker Hughes*, No. CV 12-07735
13 | MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), *aff'd sub nom. Benton v.*
14 | *Hughes*, 623 F. App'x 888 (9th Cir. 2015) (striking "newly added claims" because the plaintiff
15 | exceeded the "leave to amend only to address the deficiencies in his existing causes of action
16 | identified in [the] order").  Plaintiff must seek leave of court to add additional parties or claims.
17 | The court now turns to the pending findings and recommendations, recommending that
18 | plaintiff's motion for injunctive relief be denied.  (Doc. No. 24.)  Plaintiff has filed objections
19 | thereto.  (Doc. No. 28.)  The court has conducted a *de novo* review of this case in accordance with
20 | 28 U.S.C. § 636(b)(1)(C) and finds the pending findings and recommendations to be supported by
21 | the record and proper analysis.  Plaintiff's objections fail to address how he has met his burden of
22 | establishing his entitlement to preliminary injunctive relief either in the form of a TRO or a
23 | preliminary injunction.  *See Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009)
24 | (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).
25 | Accordingly, the court hereby orders as follows:
26 | 1. The findings and recommendations issued on October 1, 2020 (Doc. No. 24) are
27 | ADOPTED;
28 | /////

2. Plaintiff's motion for temporary restraining order or preliminary injunction (Doc. No. 21) is DENIED; and

3. Plaintiff's unauthorized allegations against newly added defendants, nurse Valenzuela-Quezada and Dr. Shwe Tin-Aung, set forth in his second amended complaint are STRICKEN.

IT IS SO ORDERED.

Dated: __**December 4, 2020**__                    /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE