UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEY STATE PRISON, *et al.*,<br><br>    Defendants. | No. 1:20-cv-0005 NONE JLT (PC)<br><br>ORDER RE REQUEST FOR CLARIFICATION; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS MILLER AND DR. SHWE<br><br>(Doc. Nos. 25, 33, 34) |

On December 15, 2020, defendant licensed vocational nurse ("LVN") J. Valenzuela-Quezada requested clarification of the court's December 7, 2020 order in light of arguably contradictory findings and recommendations issued by the magistrate judge on October 1, 2020.[1] (Doc. No. 33.)

In his first amended complaint ("FAC"), plaintiff asserted first amendment free speech claims against a single defendant, Sergeant D. Miller, a prison official at Valley State Prison ("VSP"). (Doc. No. 10.) On February 25, 2020, the undersigned found the claims in the FAC to be insufficient but granted plaintiff's leave to amend his free speech claims against Sergeant Miller only. (*See* Doc. No. 15.)

---

[1] The magistrate judge issued two sets of findings and recommendations on October 1, 2020. The first addressed plaintiff's motion for injunctive relief. (Doc. No. 24.) The second, which remains pending, addressed the sufficiency of plaintiff's second amended complaint. (Doc. No. 25.) The latter will be referred to herein as the "pending findings and recommendations."

1

1    Plaintiff's operative second amended complaint ("SAC"), filed March 12, 2020, asserts
2    claims against defendants LVN Valenzuela-Quezada, Dr. Shwe, and Sergeant Miller, all current
3    or former employees of VSP. (Doc. No. 20.) On October 1, 2020, the magistrate judge screened
4    the SAC, assumed it was proper for plaintiff to include LVN Valenzuela-Quezada and Dr. Shwe
5    as new defendants, considered the merits of the SAC, and then issued the pending findings and
6    recommendations, which recommended dismissal of defendants Miller and Dr. Shwe from this
7    action. (Doc. No. 25.) This left LVN Valenzuela-Quezada as the only remaining defendant and
8    the magistrate judge ordered service of the SAC on LVN Valenzuela-Quezada. (*Id*.)

9    On December 7, 2020, when addressing a separate set of findings and recommendations
10   concerning plaintiff's request for injunctive relief (*see* Doc. No. 24.), the undersigned struck the
11   allegations in the SAC adding LVN Valenzuela-Quezada and Dr. Shwe as defendants, reasoning
12   that plaintiff had not been afforded leave to amend his complaint to add new defendants. (Doc.
13   No. 31.) In so doing, the court inadvertently failed to consider the pending findings and
14   recommendations. Specifically, the undersigned failed to recognize that the magistrate judge had
15   already ordered service of the SAC upon LVN Valenzuela-Quezada. Although this procedural
16   confusion is regrettable, the situation is easily remediable in light of the liberal amendment rules
17   and subsequent filings.

18   As the December 7, 2020 order indicates, plaintiff may seek leave to add new defendants
19   to the case. (Doc. No. 31 at 2.) On December 21, 2020, plaintiff filed a motion in response to the
20   December 7, 2020 order, appearing to seek 30-days in which to file "responsive pleadings."
21   (Doc. No. 34 at 2.) In light of the liberal amendment policy embodied in Federal Rule of Civil
22   Procedure 15, the court will construe plaintiff's December 21, 2020 motion as a request for leave
23   to amend to add LVN Valenzuela-Quezada and Dr. Shwe as defendants. So construed, the court
24   GRANTS that request and will permit the addition of LVN Valenzuela-Quezada and Dr. Shwe as
25   defendants. In light of this ruling, the court VACATES its December 7, 2020 order to the extent
26   that it struck allegations in the SAC against LVN Valenzuela-Quezada and Dr. Shwe.

27   The court now turns to the pending findings and recommendations. As mentioned, the
28   magistrate judge recommended dismissal of defendants Miller and Dr. Shwe from this action,

leaving LVN Valenzuela-Quezada as the only remaining defendant. (Doc. No. 25.) On October 13, 2020, plaintiff objected to the pending findings and recommendations only as to the recommendation to dismiss defendant Miller but accepted the recommendation to dismiss Dr. Shwe.[2] (Doc. No. 28 at 2.) It appears[3] plaintiff is claiming that defendant Miller retaliated against him in violation of his First Amendment rights. (Doc. Nos. 25 at 2–3; 20 at 26.) This case started when plaintiff allegedly had a dispute with LVN Valenzuela-Quezada over how much prescription medications he was entitled to—plaintiff sought to obtain more medications, whereas LVN Valenzuela-Quezada sought to limit the amount. (Doc. Nos. 25 at 2–3; 20 at 26.) When plaintiff threatened to file an inmate grievance against LVN Valenzuela-Quezada over the dispute, defendant Miller issued a Rules Violation Report allegedly in retaliation against plaintiff for wanting to exercise his First Amendment right. (Doc. Nos. 25 at 2–3; 20 at 26.) The magistrate judge found that a Rules Violation Report served legitimate penological goals, and that plaintiff had failed to allege sufficient facts showing that defendant Miller was motivated by improper purposes in issuing the Rules Violation Report, or that defendant Miller knew RN Valenzuela-Quezada was improperly limiting plaintiff's prescription medications. (Doc. No. 25 at 3–5.) On these grounds, the magistrate judge concluded that plaintiff had no plausible claim against defendant Miller. (*Id.* at 5.)

The court has conducted a *de novo* review of this case in accordance with 28 U.S.C. § 636(b)(1)(C) and finds the pending findings and recommendations to be supported by the

/////

/////

/////

/////

/////

---

[2] Since the magistrate judge concluded that plaintiff had sufficiently alleged an Eighth Amendment claim for deliberate indifference to his medical needs against defendant Valenzuela-Quezada, plaintiff's objections are not directed at that conclusion. (*See* Doc. No. 28.)

[3] As the magistrate judge suggested, and the undersigned agrees, plaintiff's allegations in the SAC are difficult to discern. (Doc. No. 25 at 2.)

record and proper analysis.  Plaintiff's objections fail to address the magistrate judge's reasoning and cited authorities as to the retaliation claim against defendant Miller.[4]

Accordingly, the court hereby orders as follows:

1. Construing plaintiff's motion to file responsive pleadings (Doc. No. 34) as a motion for leave to amend and to add LVN Valenzuela-Quezada and Dr. Shwe as defendants, plaintiff's motion for leave to amend is GRANTED;

2. The court's December 7, 2020 order is modified to VACATE any ruling striking the claims in the SAC against LVN Valenzuela-Quezada and Dr. Shwe;

3. The findings and recommendations issued on October 1, 2020 (Doc. No. 25) are ADOPTED in full;

4. Defendants Miller and Dr. Shwe are DISMISSED as defendants in this action without further leave to amend; and

5. Defendant Valenzuela-Quezada's request for clarification (Doc. No. 33) is resolved—she remains a defendant in this case which proceeds on the operative SAC.

IT IS SO ORDERED.

Dated:  **January 7, 2021**                                   /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff attached to his objections an order issued by the court on February 24, 2020. (Doc. No. 28, Attach. 1.)  In that order, the court granted plaintiff's leave to amend his first amended complaint because the court found that plaintiff "could arguably satisfy" the pleading requirements as to the asserted retaliation claim against defendant Miller. (Doc. No. 15 at 2.) The court made no findings therein as to whether plaintiff had sufficiently pled a claim against defendant Miller, and, more critically, that order has no bearing on this court's review of the pending findings and recommendations.