UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>Plaintiff,<br><br>v.<br><br>J. VALENZUELA-QUEZADA,<br><br>Defendant. | Case No. 1:20-cv-00005-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 53)<br><br>**14-DAY DEADLINE** |

Plaintiff Paul Nivard Beaton, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleges retaliation by Defendant RN Valenzuela-Quezada in violation of his First Amendment right to file grievances. Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies prior to filing this action. (Doc. 53.) Plaintiff filed a response, and Defendants filed a reply. (Docs. 54, 55.)

The facts regarding exhaustion are not in dispute, and Defendants have met their burden to demonstrate Plaintiff's failure to exhaust administrative remedies as a matter of law. For the reasons set forth below, it is RECOMMENDED that the Court GRANT Defendants' motion for summary judgment.

///

I.     **LEGAL STANDARDS**

   **A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment

///

if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter*, 534 U.S. at 524.

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Id.* at 204.

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

3

judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

Plaintiff does not dispute that Defendants have met their initial burden of showing that an available administrative remedy exists. The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2016).[1] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that exhaustion is a precondition to suit).

Effective September 1, 2017, the CDCR adopted a two-level review procedure for healthcare grievances. *See id.* §§ 3084.1(a), 3999.225–.237. A health care grievance would undergo an institutional level of review and an appeal to a headquarters level of review that exhausts the appeal. *Id.*

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

4

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Ngo*, 548 U.S. at 90. California prisoners are required to lodge their administrative complaint on a CDCR-602 form for non-health care matters or a CDCR-602 HC form for a health care matter. The level of specificity required in the appeal is described by regulation:

> The inmate or parolee **shall list all staff member(s) involved** and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee **shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal**. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. . . . The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3)–(4) (emphasis added); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations").

## II.   FACTS

### A. Plaintiff's Factual Allegations

Plaintiff is incarcerated at Valley State Prison. In this Court's screening order of October 1, 2020, the Court determined that Plaintiff was issued a Rules Violation Report on November 16, 2019. The RVR was drafted by Sergeant Miller based on a report from Defendant RN J. Valenzuela-Quezada ("Defendant").[2] In the RVR, Plaintiff is accused of manipulating medical staff to obtain extra medication (Capsaicin). As described in the RVR, Plaintiff threatened to file

---

[2] Plaintiff failed to comply with Local Rule 260(b), which provides: "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." E.D. Cal. R. 260(b).

5

1 an inmate grievance against Defendant for refusing to issue Capsaicin, but a search of plaintiff's
2 cell revealed a hidden medication cup with Capsaicin medication in the back of his locker.

3       Under Plaintiff's version of the events, he was denied Capsaicin after he threatened to file
4 an inmate grievance against Defendant and Dr. Shwe. Though he acknowledges that he
5 possessed Capsaicin, the quantity was only a portion of his entitled refill, and his next refill
6 would not come until after he expected to run out of the medication. For this reason, he
7 threatened to file an inmate grievance.

8       Plaintiff also claims that Defendant, allegedly in retaliation for Plaintiff's threat to submit
9 an inmate grievance, told Dr. Shwe to discontinue plaintiff's medications, including Capsaicin,
10 milk of magnesia, and two other medications. Dr. Shwe then discontinued these medications
11 until Plaintiff filed an inmate grievance seeking the reinstatement of his medications.

12       **B. Undisputed Facts Concerning Exhaustion**

13       The underlying incident between Plaintiff and Defendant occurred on November 14,
14 2019, and Plaintiff was charged with the RVR two days later. (2nd Am. Compl. Ex., Doc. 20 at
15 21.) Following the RVR, Plaintiff filed three relevant grievances: VSP-O-19-02378, VSP-HC-
16 19000622, and Log No. VSP-HC-19000810. (Def.'s Statement Undisp. Facts, Doc. 53-3 at 2.)

17       On December 3, 2019, Plaintiff's grievance logged as VSP-O-19-02378 was rejected
18 during first-level screening as follows: "Your appeal issue is obscured by pointless verbiage or
19 voluminous unrelated documentation such that the reviewer cannot be reasonably expected to
20 identify the issue under appeal." (Doc. 53-3 at 17.) Plaintiff resubmitted his appeal, and it was
21 again rejected for the same reason, adding that "[i]t is unclear what it is you are requesting." (*Id.*
22 at 12.) Plaintiff resubmitted the grievance, but it was cancelled for failure to clarify his request:
23 "Your appeal has been cancelled . . . . You continue to submit a rejected appeal while
24 disregarding appeal staff's previous instructions to correct the appeal." (*Id.* at 11.)

25       Plaintiff's appeal logged as VSP HC 19000622 was denied at the institutional level on
26 October 25, 2019. (*Id.* at 24.) The Plaintiff appealed to the headquarters' level, and he received a
27 denial on January 28, 2020. (*Id.* at 25; Pl. Resp. Mot. Summ. J., Doc. 54 at 34.) Plaintiff received
28 a follow-up letter from CCHCS dated February 6, 2020, which states, "The headquarters' level

1  review constitutes the final disposition on your health care grievance and exhausts your
2  administrative remedies." (Doc. 54 at 34.) The letter referenced California Code of Regulations,
3  Title 15, Section 3999.226(e), which provides that "[s]taff shall not take reprisal against the
4  grievant for filing a health care grievance." However, health care grievance VSP HC 19000622
5  did not name Defendant but instead named RN Ana Galindo and RN Flores as the responsible
6  nurses. (Doc. 54 at 17–18.)

7  Plaintiff submitted Log No. VSP HC 19000810 on November 12, 2019. (Doc. 53-5 at
8  40.) This appeal also did not name Defendant, and the appeal was screened out because it was
9  submitted within fourteen days of another grievance, Log No. VSP HC 19000799. (Doc. 53-5 at
10 38.)

11 **III.    DISCUSSION**

12 Defendant has filed a motion for summary judgment based on Plaintiff's failure to
13 exhaust administrative remedies. Plaintiff submitted three grievances that concern his allegations
14 in the second amended complaint. Defendant argues that two of the grievances were rejected for
15 failure to follow prison regulations, and one grievance, although exhausted, was completed after
16 Plaintiff filed this lawsuit. (Doc. 53-2.)

17 In his response, Plaintiff contends that Defendant has lied in her motion for summary
18 judgment and that he did exhaust his administrative remedies. (Doc. 54.) Plaintiff misconstrues
19 this Court's order of May 19. 2021, as conforming that Plaintiff has exhausted his remedies. (*Id.*
20 at 2.) According to Plaintiff, he submitted two different grievances at the same time, one medical
21 and the other custody. (*Id.*) Plaintiff cites to grievance VSP PHCI 19000016 and states that he
22 not only directed the grievance to Sergeant Miller but to Defendant as well. (*Id.* at 34.)

23 Plaintiff argues that he exhausted a grievance filed in November 2019, when the RVR
24 was issued. Plaintiff argues that in December 2019, he received a letter from headquarter level
25 indicating that he had exhausted his administrative remedies. He disputes that he filed the
26 complaint on January 2, 2020, though the docket is clear that he filed this action on that date.[3]

---

[3] He signed his complaint on January 1, 2020 (Doc. 1 at 6), and he submitted it to prison officials for filing on January 2, 2020 (Doc. 1 at 1).

7

1  Plaintiff states that he was confused about the Defendant's name because even the nurse
2  supervisor, Ms. Flores, only referred to Defendant as Valenzuela and not J. Valenzuela-
3  Quesada.[4] (*Id.* at 5.)

4  Plaintiff submits a letter dated February 6, 2020, from California Correctional Health
5  Care Services ("CCHCS") in response to Plaintiff's correspondence with the tracking number
6  VSP PHCI 19000016. (Doc. 54 at 34.) The letter advised that the issues were previously
7  addressed at the headquarters' level of Plaintiff's health care grievance numbered VSP HC
8  19000622. (*Id.*) Plaintiff highlights that "[t]he headquarters' level review constitutes the final
9  disposition on your health care grievance <u>and exhausts your remedies</u>." (*Id.* (alteration in
10 original)). The letter further advised: "Per California Code of Regulations, Title 15, Section
11 3999.226(e), 'Staff shall not take reprisal against the grievant for filing a health care grievance.'"
12 (*Id.*) Plaintiff circled this statement and added in his handwriting: "This part is related to RN
13 Valenzuela-Quesada." (*Id.*)

14 Turning to grievance numbered VSP HC 19000622, there is no dispute that Plaintiff
15 appealed to the headquarters' level of review, which was denied on January 28, 2020. (Doc. 54 at
16 34.) Plaintiff received a follow-up letter from CCHCS dated February 6, 2020, which states,
17 "The headquarters' level review constitutes the final disposition on your health care grievance
18 and exhausts your administrative remedies." (*Id.*) Plaintiff filed his original complaint on January
19 2, 2020, prior to exhaustion, which occurred on January 28, 2020. Prisoners must exhaust their
20 administrative remedies prior to filing suit, not during the pendency of the suit. *See McKinney v.*
21 *Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Because Plaintiff did not exhaust VSP
22 HC 19000622 prior to filing suit, it cannot serve as the basis for this action.

23 Additionally, grievance VSP HC 19000622 names RN Ana Galindo and RN Flores but
24 does not name Defendant. (Doc. 53-5 at 21–23.) Because he did not identify Defendant in the

---

[4] Plaintiff also argues the merits of his claim. Plaintiff urges that Defendant's language in the RVR itself states that it was issued because Plaintiff threatened to file an inmate grievance against her. (Doc. 53-2 at 9.) Plaintiff again attempts to raise an Eighth Amendment medical indifference claim; however, this claim was rejected in this Court's Order of October 1, 2020, because Plaintiff failed to raise it in his original complaint and in his first amended complaint. (Doc. 25 at 7.)

8

grievance and describe her involvement in the issue, he did not exhaust administrative remedies as to his claim against Defendant. *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3); *see also Burton v. Lee*, No. 12-cv-03158-JST, 2019 WL 12450869, at *8 (N.D. Cal. July 22, 2019), *aff'd*, 851 F. App'x 777 (9th Cir. 2021). The record reveals that he failed to exhaust any other grievances relevant to Plaintiff's complaint. Therefore, Defendant has met her burden to show that Plaintiff failed to exhaust administrative remedies available to him.

Upon this showing by Defendant, the burden shifted to Plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Plaintiff does not make such argument, and the evidence demonstrates that Plaintiff frequently utilized the administrative remedies available to him. Because he did not utilize and exhaust the administrative remedies as to his claim against Defendant prior to filing this action, summary judgment in Defendant's favor is appropriate.

## IV.   CONCLUSION

Defendant has demonstrated that there are no genuine issues of material fact as to exhaustion and she is entitled to judgment as a matter of law. Accordingly, the Court RECOMMENDS that Defendant's motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2021**          _/s/ Jennifer L. Thurston_
CHIEF UNITED STATES MAGISTRATE JUDGE