1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL NIVARD BEATON,                    No.  1:20-cv-00005-DAD-JLT (PC)

12                 Plaintiff,               ORDER GRANTING MOTION FOR
                                            RECONSIDERATION, GRANTING MOTION
13        v.                                FOR EXTENSION OF TIME, VACATING
                                            PRIOR ORDER ADOPTING AND AGAIN
14   VALLEY STATE PRISON and J.             ADOPTING FINDINGS AND
     VALENZUELA-QUEZADA,                    RECOMMENDATIONS UPON
15                                          RECONSIDERATION
                 Defendants.
16                                          (Doc. Nos. 59, 61, 63, 64)

17

18

19        Plaintiff Paul Nivard Beaton is a state prisoner proceeding *pro se* and *in forma pauperis* in

20   this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

21   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On November 10, 2021, the assigned magistrate judge issued findings and

23   recommendations, recommending that defendants' motion for summary judgment be granted due

24   to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the

25   Prison Litigation Reform Act.  (Doc. No. 59.)  The findings and recommendations contained

26   notice that any objections were to be filed within fourteen (14) days of service of the order.  (*Id.*

27   at 9.)

28   /////

                                               1

1    On December 7, 2021, the undersigned adopted those findings and recommendations in

2    full and granted summary judgment.  (Doc. No. 61.)  On December 9, 2021, the court received

3    plaintiff's motion dated November 18, 2021, seeking an extension of time to file objections to the

4    findings and recommendations.  (Doc. No. 63.)  Plaintiff's motion for extension of time also

5    included his proposed objections to the findings and recommendations.  (*Id.*)  On December 27,

6    2021, the court then received plaintiff's objections to the order adopting the magistrate judge's

7    findings and recommendations.  (Doc. No. 64.)  On December 28, 2021, plaintiff filed a notice of

8    appeal from the undersigned's December 7, 2021 order.  (Doc. No. 66.)  On January 6, 2022, the

9    Ninth Circuit Court of Appeals issued an order holding plaintiff's appeal in abeyance until this

10   court determines "whether appellant's December 27, 2021 filing is a motion listed in Federal Rule

11   of Appellate Procedure 4(a)(4) and if so, the district court's resolution of the motion."  (Doc. No.

12   68 at 1.)

13   In his filing received by the court on December 9, 2021, plaintiff argues that the court

14   should reconsider its December 7, 2021 order in light of his objections to the findings and

15   recommendations, arguing that the untimely receipt of the objections should be excused due to

16   delays in the mail between the prison where he is incarcerated and the court.  (Doc. No. 64 at 1–

17   7.)  Plaintiff also attached to that filing some of the same documents he provided in connection

18   with his proposed objections to the findings and recommendations.  (Doc. Nos. 64 at 8–14 and 63

19   at 10-14.)  This court construes plaintiff's December 27, 2021 filing (Doc. No. 64) as a motion for

20   reconsideration of the undersigned's December 7, 2021 order adopting the magistrate judge's

21   findings and recommendations filed November 10, 2021.

22   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

23   district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

24   on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

25   evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

26   been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

27   Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any

28   event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

2

1        Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

2    interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*

3    *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d

4    737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking

5    reconsideration under Rule 60, the moving party "must demonstrate both injury and

6    circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and

7    citation omitted).

8        "A motion for reconsideration should not be granted, absent highly unusual

9    circumstances, unless the district court is presented with newly discovered evidence, committed

10    clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

11    raise arguments or present evidence for the first time when they could reasonably have been

12    raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

13    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

14    original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

15    different facts or circumstances are claimed to exist which did not exist or were not shown"

16    previously, "what other grounds exist for the motion," and "why the facts or circumstances were

17    not shown" at the time the substance of the order which is objected to was considered.

18        Here, plaintiff's motion for reconsideration plausibly contends that he gave his objections

19    to the findings and recommendations and motion for an extension of time to prison officials for

20    mailing on November 18, 2021, well within the fourteen day deadline for the filing of those

21    objections.  (Doc. No. 64; *see* Doc. No. 63.)  Under the mailbox rule announced in *Houston v.*

22    *Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's court filing is deemed filed at the time the

23    prisoner delivers it to prison authorities for forwarding to the court.  *Douglas v. Noelle*, 567 F.3d

24    1103, 1107 (9th Cir. 2009).  As such, plaintiff's objections are timely under the mailbox rule.

25    Because plaintiff's objections were received by the court two days after the court issued its

26    December 7, 2021 order adopting the findings and recommendations, plaintiff's objections were

27    not considered at the time of the issuance of the order adopting.  Therefore, the court will grant

28    plaintiff's motion for reconsideration (Doc. No. 64) and also grant plaintiff's motion to accept

1   and consider his objections to the findings and recommendations (Doc. No. 63) as timely filed

2   under the mailbox rule.  The undersigned therefore hereby vacates the December 7, 2021 order

3   adopting the findings and recommendations and will conduct a *de novo* review of this case.  28

4   U.S.C. § 636(b)(1)(C).

5          In his objections to the magistrate judge's findings and recommendations, plaintiff argues

6   that he did exhaust his administrative remedies prior to filing the operative complaint in this

7   action, pointing to a letter dated February 6, 2020 from California Correctional Health Care

8   Services ("CCHCS") in response to plaintiff's correspondence regarding inmate grievance

9   number VSP PHCI 19000016.  (Doc. No. 63 at 12.)  That letter states that the issues raised by

10  plaintiff in inmate grievance number VSP PHCI 19000016 were previously addressed on January

11  28, 2020 at the headquarters' level in response to plaintiff's health care inmate grievance

12  numbered VSP HC 19000622.  (*Id.*)  Plaintiff highlights that the letter he received from CCHCS

13  stated "[t]he headquarters' level review constitutes the final disposition on your health care

14  grievance and <u>exhausts your remedies</u>."  (*Id.* (alteration in original).)  Plaintiff also contends that

15  his inmate grievance number VSP PHCI 19000016 was actually "about [defendant] Nurse

16  Valenzuela-Quezada," arguing that the inmate grievance he filed did not name defendant

17  Valenzuela-Quezada only because, at the time of filing that inmate grievance, he believed

18  defendant's name to be Ana Galindo until he "went back to the RVR [Rule Violation Report]

19  [when he] then discovered her tru[e] name [to be] Nurse Valenzuela-Quezada [. . .]"  (*Id.* at 3–4.)

20  Plaintiff asserts that his inmate grievance number VSP PHCI 19000016 properly exhausted his

21  administrative remedies as to his claims now brought against defendant Valenzuela-Quezada.

22  (*Id.*)

23          Plaintiff's arguments are unpersuasive.  Even were the court to construe the CCHCS letter

24  to be a final disposition of plaintiff's inmate grievance number VSP PHCI 19000016 (based on

25  the January 28, 2020 final disposition of inmate grievance number VSP HC 19000622), the letter

26  was dated February 6, 2020 (*see id.* at 12), a full month after plaintiff filed his original complaint

27  in this action on January 2, 2020.  (Doc. No. 1 at 1.)  Prisoners must exhaust their administrative

28  remedies prior to filing suit, not during the pendency of the suit.  *McKinney v. Carey*, 311 F.3d

1   1198, 1199 (9th Cir. 2002).

2   Furthermore, the inmate grievances upon which plaintiff relies did not identify defendant

3   Valenzuela-Quezada, but rather mentioned an Ana Galindo and a nurse supervisor Flores.  (*See*

4   Doc. No. 53-5 at 21–23.)  Defendant cannot attribute an inmate grievance after the fact to a

5   defendant who was not mentioned in or involved in that grievance process, and then claim that

6   the grievance actually exhausted his claims against that later named defendant.  Despite plaintiff's

7   alleged confusion as to the name of defendant, an inmate grievance that does not identify a

8   defendant during any part of the administrative process, does not correct an alleged initial mis-

9   identification, and does not describe a defendant's  involvement in the conduct or issue that is the

10  subject of the inmate grievance does not exhaust that plaintiff's administrative remedies with

11  respect to that later named defendant.  *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3); *see also Burton*

12  *v. Lee*, No. 3:12-cv-03158-JST, 2019 WL 12450869, at *8 (N.D. Cal. July 22, 2019), *aff'd*, 851 F.

13  App'x 777 (9th Cir. 2021).

14  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

15  *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

16  objections, and upon reconsideration the court finds the November 10, 2021 findings and

17  recommendations to be supported by the record and proper analysis.

18  Accordingly, for the reasons explained above:

19      1.      Plaintiff's motion for reconsideration (Doc. No. 64) is granted;

20      2.      Plaintiff's motion for extension of time to file objections to the findings and

21              recommendation (Doc. No. 63) is granted;

22      3.      This court's order adopting the findings and recommendations issued on

23              December 7, 2021 (Doc. No. 61) is vacated;

24      4.      Having now considered the merits of plaintiff's objections (Doc. No. 63), the

25              findings and recommendations issued on November 10, 2021 (Doc. No. 59) are

26              adopted in full;

27  /////

28  /////

5

5.   Defendant's motion for summary judgment (Doc. No. 53) is granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required and this action is dismissed without prejudice; and

6.   This case shall remain closed.

IT IS SO ORDERED.

Dated:   __**April 26, 2022**__                     _____

UNITED STATES DISTRICT JUDGE